IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-60771
Conference Calendar

_____


PHILLIP STOKES,

Plaintiff-Appellant,


versus

ARMIS E. HAWKINS; DAN M. LEE; LENORE
PRATHER; MICHAEL D. SULLIVAN; EDWIN
L. PITTMAN; FRED L. BANKS; CHUCK MCRAE;
JAMES L. ROBERTS; JAMES W. SMITH; STATE
OF MISSISSIPPI,

Defendants-Appellees.


- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:96-CV-328-LN
- - - - - - - - - - -
April 17, 1997

Before REAVLEY, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Phillip Stokes (Mississippi prisoner #63917), moves this
court for leave to appeal *in forma pauperis* (IFP) in his appeal
from the dismissal of his suit against the State of Mississippi
and the members of the Supreme Court of Mississippi.  The motion

_____

[*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

for leave to proceed IFP is GRANTED. The PLRA requires a prisoner appealing IFP in a civil action to pay the full amount of the filing fee, $105. As Stokes does not have funds for immediate payment of this fee, he is assessed a partial filing fee of $1 in accordance with 28 U.S.C. § 1915(b)(1). Following the payment of the partial filing fee, funds shall be deducted from Stokes's prisoner account until the full filing fee is paid. *Id.*

IT IS ORDERED that Stokes pay the appropriate filing fee to the Clerk of the District Court for the Southern District of Mississippi. IT IS FURTHER ORDERED that the agency having custody of Stokes's inmate account shall, in accordance with 28 U.S.C. § 1915(b)(2), collect the remainder of the $105 filing fee and forward to the Clerk of the District Court for the Southern District of Mississippi monthly payments of 20 percent of the proceeding month's income each time the amount in Stokes's account exceeds $10.

Stokes alleged that the members of the court conspired to keep him incarcerated by denying his appeal because he is poor and black. We have reviewed Stokes's brief and the record and perceive no abuse of discretion by the district court. Stokes's appeal is without arguable merit and thus frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2.

This is not the first appeal filed by Stokes which has been dismissed as frivolous.  *See Stokes v. Ferrell*, No. 95-60650, slip op. at 2 (5th Cir. Dec. 19, 1996); *Stokes v. Hargett*, No. 96-60362, slip op. at 2 (5th Cir. Aug. 20, 1996).  A prisoner may not

> bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Including the dismissal of this appeal, Stokes has three "strikes."  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Therefore, except for cases involving an imminent danger of serious physical injury, § 1915(g) bars Stokes from proceeding further under § 1915.  He may proceed in subsequent civil cases under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else.

IFP GRANTED; APPEAL DISMISSED.